FILED
May 06, 2019
11:22 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION CLAIMS
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| **AMY BUSH,** | ) | **Docket No. 2018-05-0258** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **STONES RIVER CENTER/RHA** | ) | **State File No. 48483-2016** |
| **HEALTH SERVICES,** | ) | |
| **Employer,** | ) | |
| **and** | ) | |
| | ) | |
| **PA MFR'S ASSN. INS. CO.,** | ) | **Judge Dale Tipps** |
| **Carrier.** | ) | |

---

## COMPENSATION HEARING ORDER GRANTING SUMMARY JUDGMENT

---

This matter came before the Court on Stones River Center/RHA Health Services (RHA)'s Motion for Summary Judgment. The central issue is whether RHA is entitled to summary judgment on grounds that the statute of limitations bars Ms. Bush's claim. For the reasons below, the Court holds RHA is entitled to summary judgment.

### Procedural History

Ms. Bush alleged she suffered a work-related injury to her right foot on June 8, 2016. RHA denied the claim and filed a Notice of Controversy on January 17, 2017. Ms. Bush filed a Petition for Benefit Determination (PBD) on March 7, 2018, seeking medical benefits.

Following an expedited hearing, the Court entered an order denying Ms. Bush's claim, finding she was not likely to prevail at a hearing on the merits. Ms. Bush appealed, but the Worker's Compensation Appeals Board affirmed the ruling.

RHA filed this Motion for Summary Judgment, and Ms. Bush filed no response. The Court heard arguments in a telephonic hearing on May 1, 2019.

1

**Facts**

RHA filed a statement of undisputed material facts with citations to the record in compliance with Tennessee Rules of Civil Procedure 56.03. Because Ms. Bush failed to file a response to the statement, the Court deems them admitted and summarizes them as follows:

1. Ms. Bush alleged an injury date of June 8, 2016.
2. RHA denied the claim on January 17, 2017.
3. Ms. Bush filed the PBD on March 7, 2018.

Based on these facts, RHA argued the Court should grant summary judgment because it affirmatively negated an essential element of Ms. Bush's claim – that she timely filed the PBD – *and* that the facts are insufficient for Ms. Bush to prove this element.

Although Ms. Bush filed no response, she participated in the hearing. However, she limited her response to a statement that she had contacted the EEOC and that she "disputed everything."

**Law and Analysis**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2018).

As the moving party, RHA must do one of two things to prevail on its motion: (1) submit affirmative evidence that negates an essential element of the Ms. Bush's claim, or (2) demonstrate that Ms. Bush's evidence is insufficient to establish an essential element of her claim. Tenn. Code Ann. § 20-16-101 (2018); *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). If RHA is successful in meeting this burden, Ms. Bush must then establish that the record contains specific facts upon which the Court could base a decision in her favor. *Rye*, at 265.

The essential element at issue in this case comes from Tennessee Code Annotated section 50-6-203(b), which provides:

(1) In instances when the employer has not paid workers' compensation benefits to or on behalf of the employee, the right to compensation under this chapter shall be forever barred, unless the notice required by § 50-6-201 is given to the employer and a petition for benefit determination is filed with the bureau on a form prescribed by the administrator within one (1) year after the accident resulting in injury.

(2) In instances when the employer has voluntarily paid workers' compensation benefits, within one (1) year following the accident resulting in injury, the right to compensation is forever barred, unless a petition for benefit determination is filed with the bureau on a form prescribed by the administrator within one (1) year from the latter of the date of the last authorized treatment or the time the employer ceased to make payments of compensation to or on behalf of the employee.

The undisputed facts conclusively demonstrate that Ms. Bush filed her PBD on March 7, 2018, which is considerably more than "one year after the accident resulting in injury." Further, Ms. Bush offered no proof that RHA ever voluntarily paid any benefits for this injury. Thus, RHA met its burden of negating an essential element of the claim. This means Ms. Bush must show that the record contains specific facts upon which the Court could find in her favor, such as proof of a recognized exception to the statute of limitations.

As noted above, Ms. Bush did not file a response to the motion or provide any additional evidence. This leaves the Court without proof of any applicable exceptions. Ms. Bush's evidence is therefore insufficient to establish this essential element of her claim, and the Court must hold that RHA is entitled to summary judgment as a matter of law.

**IT IS, THEREFORE, ORDERED** as follows:

1. RHA's Motion for Summary Judgment is granted, and Ms. Bush's claim is dismissed with prejudice to its refiling.

2. Absent appeal, this order shall become final thirty days after entry.

3. The Court taxes the $150.00 filing fee to RHA under Tennessee Compilation Rules and Regulations 0800-02-21-.07 payable to the Clerk within five days of this order becoming final.

4. RHA shall prepare and submit the SD-2 with the Clerk within ten days of the date of judgment.

**ENTERED May 6, 2019.**

_____
**Judge Dale A. Tipps**
**Court of Workers' Compensation Claims**

3

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Order was sent to the following recipients by the following methods of service on May 6, 2019.

| Name | Certified Mail | Via Email | Service Sent To |
|------|---------------|-----------|-----------------|
| Amy Bush | X | X | busha2022@gmail.com<br>1010 N. Academy St.<br>Murfreesboro, TN 37130 |
| Rosalia Fiorello, Employer Atty. | | X | rfiorello@wimberlylawson.com |
| MOST | | X | Patsy.bumbalough@tn.gov;<br>peggy.haley@tn.gov |

_____

**Penny Shrum, Court Clerk**
**Wc.courtclerk@tn.gov**

4



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# COMPENSATION HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

**Docket #:** _____

**State File #/YR:** _____

_____

**Employee**

v.

_____

**Employer**

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## List of Parties

**Appellant (Requesting Party):**_____ At Hearing:☐Employer☐Employee

Address:_____

Party's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*** Attach an additional sheet for each additional Appellant ***

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)
**Appellee (Opposing Party):**_____At Hearing:☐Employer☐Employee

Appellee's Address: _____

Appellee's Phone: _____ Email:_____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*** Attach an additional sheet for each additional Appellee ***

## CERTIFICATE OF SERVICE

I, _____ , certify that I have forwarded a true and exact copy of this
Compensation Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all
parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee
Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20___.

[Signature of appellant or attorney for appellant] _____

Attention: This form should only be used when filing an appeal to the Workers' Compensation Appeals
Board. If you wish to appeal a case to the Tennessee Supreme Court, please utilize the form provided by
the Court which can be found on their website at the following address:
http://www.tncourts.gov/sites/default/files/docs/notice_of_appeal_-_civil_or_criminal.pdf



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

LB-1108 (REV 11/15)                                                    RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month  Medical/Dental  $ _____ per month

    Groceries       $ _____ per month       Telephone      $ _____ per month

    Electricity       $ _____ per month       School Supplies $ _____ per month

    Water          $ _____ per month       Clothing        $ _____ per month

    Gas            $ _____ per month       Child Care      $ _____ per month

    Transportation  $ _____ per month       Child Support   $ _____ per month

    Car            $_____ per month

    Other          $ _____ per month (describe: _____ )

10. Assets:

    Automobile           $ _____       (FMV) _____

    Checking/Savings Acct. $ _____

    House                $ _____       (FMV) _____

    Other                $ _____       Describe:_____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____